# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS COSTELLO, MEGAN BAASE KEPHART, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEAVEX INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:12-cv-07843 |

## DEFENDANT BEAVEX, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED AND COUNTERCLAIM

NOW COMES Defendant BeavEx Inc. ("BeavEx" or "Defendant") and hereby submits its First Amended Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint") as follows:

**I.      Introduction**

1.      In response to the allegations contained in Paragraph 1, Defendant admits only that Plaintiffs purport to bring their claims as a class action on behalf of themselves and others who are allegedly similarly situated to "challenge Defendant's unlawful practice of misclassifying its delivery drives as independent contractors." However, Defendant denies that it violated the law in any way, including any allegations that it misclassified Plaintiffs or any other individuals as independent contractors and asserts that those individuals have been properly classified.

2.      The allegations contained in Paragraph 2 of the Complaint appear to be legal conclusions, which require no response from Defendant. However, to the extent a response is

required, Defendant admits only that Plaintiffs allege violations of the Illinois Minimum Wage Act ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA"). Defendant denies the allegations that it violated these—or any other Illinois state or federal—laws, in any way, including any allegations that it misclassified Plaintiffs or any other individuals as independent contractors.

3. In response to the allegations contained in Paragraph 3, Defendant admits only that Plaintiffs purport to bring this case as a class action on behalf of a class of "persons currently and former employed by Defendant as employees within the definition of 'employee' in the common and statutory law, but who, similar to the named Plaintiffs, are or were erroneously classified as 'independent contractors,'" but Defendant denies any allegations that it violated any federal or Illinois state law in any way, including any allegation that Plaintiffs or any members of the purported class were erroneously classified as independent contractors.

## II. Parties

4. In response to the allegations contained in Paragraph 4, Defendant is without sufficient information to form a belief as to the truth of the allegation that "Plaintiff Thomas Costello resides in Illinois," and, therefore, this allegation is denied. The remaining allegations are denied as stated.

5. In response to the allegations contained in Paragraph 5, Defendant is without sufficient information to form a belief as to the truth of the allegation that "Plaintiff Megan Baase Kephart resides in Illinois," and, therefore, this allegation is denied. The remaining allegations are denied as stated.

6. The allegations contained in the first sentence of Paragraph 6 are admitted. The remaining allegations are denied.

### III. Jurisdiction

7. The allegations contained in Paragraph 7 appear to be legal conclusions, which require no response from Defendant. However, to the extent a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations, and, therefore, they are denied.

8. The allegations contained in Paragraph 8 appear to be legal conclusions, which require no response from Defendant. However, to the extent a response is required, the allegations are admitted.

9. The allegations contained in Paragraph 9 appear to be legal conclusions, which require no response from Defendant. However, to the extent a response is required, Defendant denies that either Plaintiffs or any purported members of the putative class Plaintiffs seek to represent are actually entitled to recover anything from Defendant, but Defendant admits that Plaintiffs' purport to allege damages individually in excess of $75,000.00 and total class damages in excess of $5 million.

10. In response to the allegations contained in Paragraph 10, Defendant denies that it committed any "unlawful employment practices" in the State of Illinois or elsewhere and admits only that Plaintiffs allege that unlawful employment practices occurred in Cook County, thereby making venue in the Northern District of Illinois appropriate.

### IV. Factual Allegations

11. The allegations contained in Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are denied.

13. The allegations contained in Paragraph 13 are denied.

14. The allegations contained in Paragraph 14 are denied.

15. The allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16, and all subparts thereto, are denied.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18, including all subparts thereto, are denied.

19. The allegations contained in Paragraph 19 are denied.

20. The allegations contained in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are denied.

23. The allegations contained in the first sentence of Paragraph 23 are admitted. The remaining allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are denied.

27.(sic) The allegations contained in Paragraph 27 (sic) are denied.

29. The allegations contained in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 are denied.

**V.** **Class Allegations**

31. In response to the allegations contained in Paragraph 31, Defendant admits only that Plaintiffs purport to bring this case as a class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure, but deny that this case is appropriate for class treatment and further denies that it violated any Illinois state or federal law in any way.

32. The allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are denied.

34. The allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

**Count 1 – Illinois Minimum Wage Law**
**(Class Action)**

37. For its answer to Paragraph 37 of the Complaint, Defendant restates and incorporates by reference its answers, admissions, averments and denials contained in Paragraphs 1 through 36 as if fully set forth herein.

38. In response to the allegations contained in Paragraph 38, Defendant admits only that Plaintiffs allege violations of the IMWL but deny that it violated the IMWL or any other federal or state wage law in any way.

39. In response to the allegations contained in Paragraph 39, Defendant admits only that Plaintiffs purport to seek damages for overtime, liquidated damages, statutory damages, prejudgment interest and "any other damage due" but denies that Plaintiffs or any of the members of the putative class whom they seek to represent are entitled to recover these or any other damages from Defendant.

## Count 2 – Illinois Wage Payment and Collective Act
### (Class Action)

40. For its answer to Paragraph 40 of the Complaint, Defendant restates and incorporates by reference its answers, admissions, averments and denials contained in Paragraphs 1 through 39 as if fully set forth herein.

41. The allegations contained in Paragraph 41 are denied.

42. The allegations contained in Paragraph 42 are denied.

43. In response to the allegations contained in Paragraph 43, Defendant admits only that Plaintiffs purport to seek damages for unpaid wages and reimbursement for "all unlawful deductions" but denies that Plaintiffs or any of the members of the putative class whom they seek to represent are entitled to recover these or any other damages from Defendant and further denies that it violated any Illinois or federal wage laws.

## Count 3 – Unjust Enrichment
### (Class Action)

44. For its answer to Paragraph 44 of the Complaint, Defendant restates and incorporates by reference its answers, admissions, averments and denials contained in Paragraphs 1 through 43 as if fully set forth herein.

45. The allegations contained in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied.

In response to the Prayer for Relief, the unnumbered Paragraph beginning with "WHEREFORE," immediately following Paragraph 47, Defendant denies that Plaintiffs are entitled to any of the relief sought therein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class members they seek to represent, are barred to the extent that Plaintiffs and all putative class members were paid all sums of money to which they were lawfully entitled.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of some or all of the putative class members they seek to represent, are barred, in whole or in part, by the applicable statutes of limitation and/or common law doctrines of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class members they seek to represent, are barred because Plaintiffs and all putative class members were properly classified as independent contractors under Illinois state law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred because, as independent contractors, they are not subject to the provisions and protections of the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA").

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and/or putative class members, by their actions and/or omissions, have waived and/or are otherwise estopped from asserting the claims against Defendant because, among other reasons, they were paid for all hours worked, the individuals did not request payment for unpaid wages, if any, until this lawsuit, and the individuals further ratified and/or failed to mitigate any

damages associated with the nonpayment of wages, by confirming the accuracy of their paychecks each pay period.

## SIXTH AFFIRMATIVE DEFENSE

In calculating overtime liability (if any), Defendant is entitled to an offset to the extent further investigation and discovery reveal that Plaintiffs, due to their own wrongful conduct, owe monies to Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Any violation by Defendant of any provision(s) of any Illinois wage law, including the IMWL and/or the IWPCA, was *de minimus* and does not entitle Plaintiffs or putative class members to the relief sought in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' state law claims are preempted by federal law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred to the extent any particular individual petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendant as required under applicable bankruptcy laws.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred to the extent the relief sought is inappropriate, equitable relief.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and some of the putative class members may be judicially estopped from pursuing their claims.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not similarly situated to the proposed class members or to any other person or persons for the purposes of Rule 23 of the Federal Rules of Civil Procedure.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or those of some or all of the putative class members are barred, in whole or in part, because, even if Defendant violated any provision of Illinois state wage law, which Defendant specifically denies, such violation was not pursuant to a uniform policy or plan.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for overtime compensation under Illinois state wage are not suitable for certification as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the claims or defenses of Plaintiffs and Defendant are not typical of the claims or the defenses of the putative class members.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Certification of Plaintiffs' claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure would violate due process and the Federal Rules of Civil Procedure.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or those of some or all of the putative class members are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs seek to adjudicate the claims of the Plaintiffs and anyone else who opts-in to this lawsuit through purported generalized class wide proof, this would violate Defendant's rights to trial by jury and due process guaranteed by the United States Constitution. Defendant is entitled to individualized determinations of each opt-in's eligibility for overtime pay, as well

as an individualized determination of the amount of overtime owed if eligibility for overtime pay is established. *See Wal-Mart Stores v. Dukes, et al.*, 131 S.Ct. 2541 (2011). Accordingly, this case cannot be tried collectively or on any type of representational basis.

Defendant reserves the right to assert additional affirmative defenses in the event and to the extent that additional persons become plaintiffs in this lawsuit, and/or as may be appropriate in connection with facts obtained through discovery.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed, and that Defendant be awarded its costs, fees expenses, and all other legal and equitable relief to which it is entitled to recover.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff BeavEx Inc. ("BeavEx"), pursuant to Fed. R. Civ. P. 13, for its Counterclaim against Plaintiffs/Counterclaim-Defendants ("Counterclaim-Defendants") states and alleges as follows:

### Parties

1.

BeavEx is a Connecticut corporation with its principle place of business located in Atlanta, Georgia.

2.

Counterclaim-Defendants each individually entered into a written contract to provide transportation services to BeavEx, consisting of pick-up, transportation, and delivery of property and items brokered and arranged by BeavEx for customers in need of such services (the "Contracts"). Counterclaim-Defendants performed such transportation in accordance with the terms of their Contracts.

**Jurisdiction and Venue**

3.

This Court has supplemental jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) because the claims asserted in the Counterclaim are so related to the claims asserted in the Complaint that they form a part of the same case and controversy under Article III of the United States Constitution.

4.

Venue is proper in this Court and in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) to the extent venue is deemed proper in the Complaint.

**Facts and Claim**

5.

On or about October 1, 2012, Counterclaim-Defendants Thomas Costello and Megan Baase Kephart, on behalf of themselves and all other similarly situated individuals, (collectively the Counterclaim-Defendants) filed a complaint (the "Complaint") against BeavEx, alleging violations of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

6.

Each of the Contracts contains an indemnification provision that provides that the Counterclaim-Defendants agree to defend, indemnify and hold harmless BeavEx from any claims, losses and expenses that arise from the performance of the Counterclaim-Defendants' (including any of the Counterclaim-Defendants' employees and subcontractors) services and obligations under the Contracts.

7.

Under the Contracts, the Counterclaim-Defendants are obligated and agree to, among other things, maintain separate and distinct businesses from BeavEx and to provide services to BeavEx customers as independent contractors, not BeavEx employees.

8.

If there is an ultimate determination in this matter that the Counterclaim-Defendants are employees, not independent contractors, then the Counterclaim-Defendants will have breached their obligations under the Contracts, including, but not limited to, their obligation to remain separate and distinct businesses from BeavEx and to remain "Owner/Operators in fact and in law."

9.

The claims asserted by Counterclaim-Defendants in the Complaint and the expenses and fees BeavEx has incurred, and will incur, to defend against them fall within the terms of the indemnification provisions of the Contracts.

10.

If there is an ultimate determination made in this matter that the Contracts are enforceable and that Counter-Defendants are independent contractors, then BeavEx is entitled to a judgment enforcing the terms of the Contracts, including an award of all costs and expenses, including reasonable attorneys' fees, incurred by BeavEx in defending against Counterclaim-Defendants' Complaint.

## Jury Demand

11.

Pursuant to Fed. R. Civ. P. 38(b), BeavEx requests a trial by jury of all issues so triable in its Counterclaim.

## Prayer for Relief

WHEREFORE, BeavEx respectfully requests its costs and expenses, including reasonable attorneys' fees, incurred in defending against Counterclaim-Defendants' Complaint if the Court ultimately finds the Contracts to be enforceable and that Counterclaim-Defendants are independent contractors, plus pre-judgment and post-judgment interest, and all other necessary and proper relief.

Dated November 7, 2012.

Respectfully submitted,

 */s/* Margaret T. Blackwood
Margaret T. Blackwood
*Admitted Pro Hac Vice*
Georgia Bar No. 061095
LITTLER MENDELSON
A Professional Corporation
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
404.233.0330
404.233.2361 (Fax)
mblackwood@littler.com

Milton Castro
Illinois Bar No. 6301534
LITTLER MENDELSON
A Professional Corporation
321 North Clark Street
Suite 1000
Chicago, IL  60654
312.372.5520
312.372.7880 (Fax)
mcastro@littler.com

Kevin M. Duddlesten
*Admitted Pro Hac Vice*
LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100
214.880.0181 (Fax)
kduddlesten@littler.com

Attorneys for Defendant
BeavEx Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS COSTELLO, MEGAN BAASE KEPHART, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEAVEX INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:12-cv-07843 |

## CERTIFICATION OF SERVICE

I hereby certify that on November 7, 2012, I electronically filed the foregoing **DEFENDANT BEAVEX INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT, COMPENSATORY, AND INJUNCTIVE RELIEF REQUESTED AND COUNTERCLAIM** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Marc J. Siegel
Bradley S. Manewith
CAFFARELLI & SIEGEL LTD.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601
m.siegel@caffarelli.com
b.manewith@caffarelli.com

I also hereby certify that on November 7, 2012, the foregoing document was served via first-class mail to the following counsel:

Harold L. Lichten
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
hlichten@llrlaw.com

*/s/* Margaret T. Blackwood
Margaret T. Blackwood
*Admitted Pro Hac Vice*

Counsel for Defendant