**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| THOMAS COSTELLO, MEGAN BAASE KEPHART, *et al.,* individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 12-cv-7843 |
| v. | ) ) | **Judge Virginia M. Kendall** |
| BEAVEX INC., | ) ) | Magistrate Judge Nan R. Nolan |
| Defendant. | ) ) ) | |
| BEAVEX INC., | ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| THOMAS COSTELLO and MEGAN BAASE KEPHART, | ) ) ) | |
| Counter-Defendants. | ) ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO DISMISS DEFENDANT BEAVEX INC.'S COUNTERCLAIM**

Plaintiffs filed their Complaint on October 1, 2012, alleging that Defendant misclassified them and approximately one-hundred other current and former delivery drivers as "independent contractors" in violation of the Illinois Minimum Wage Law (IMWL) and Illinois Wage Payment and Collection Act (IWPCA).[1]  (D.E. 1.)  On October 29, 2012, Beavex filed its Answer and a counterclaim against Plaintiffs, seeking indemnification from Plaintiffs for BeavEx's costs and expenses incurred as a result of this lawsuit.  (D.E. 13 at 12 – 14.)

---

[1] Plaintiffs' Complaint also includes allegations that Defendant was unjustly enriched by these practices; that claim is not relevant to the instant motion.

Plaintiffs now move to dismiss Defendant's counterclaims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. First, the indemnification provision underlying Defendant's counterclaim is void as contrary to well-established Illinois public policy. Second, under circumstances such as those in the present case, an employer may not seek indemnification from the very employees seeking damages stemming from the employer's alleged violation of the wage and hour laws. Plaintiffs therefore request that this Honorable Court dismiss BeavEx's counterclaims with prejudice.

## INTRODUCTION

Plaintiffs Thomas Costello and Megan Baase Kephart worked as delivery drivers for Defendant BeavEx Inc. ("BeavEx" or the "Company"). In order to work for the Company, Plaintiffs were forced to sign a contract that would purportedly govern the terms of their relationship with BeavEx. Plaintiffs had no authority to negotiate the terms of that contract, nor did any other individual who worked as a delivery driver for BeavEx during the relevant time period. Moreover, BeavEx required its delivery drivers, including Plaintiffs, to wear uniforms and badges bearing BeavEx's name while on duty; the Company maintained unilateral control over Plaintiffs' delivery routes; and Plaintiffs' job duties were integral to the operations of BeavEx's business. Despite BeavEx treating Plaintiffs (and its other delivery drivers) as employees in all respects except for the manner in which it compensated them, Plaintiffs were forced to accept BeavEx's misclassification of them as independent contractors. At least one court in this circuit has found that alleged "independent contractors" working under similar conditions were in fact "employees" under Illinois state wage laws. E.g., In re Fedex Ground Package Sys., Inc. Emp't Practices Litig., 3:05-CV-529 RM (IL), 2010 WL 2243246, at *6 (N.D. Ind. May 28, 2010) (granting summary judgment to employees).

2

The above notwithstanding, while Plaintiffs are confident in the merits of their underlying claims, they are unrelated to the basis of the instant motion.

## ARGUMENT

Where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," the complaint should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6). Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). As explained in detail below, Defendant BeavEx's counterclaim seeks to enforce a contract provision which violates the clearly stated public policy underlying the IMWL and IWPCA. BeavEx's counterclaim must fail, because Illinois precedent prohibits the enforcement of a contract that frustrates the purpose of these statutes.

### I.      The IMWL and IWPCA Encompass Vital Public Policy of the State of Illinois.

BeavEx must not be permitted to pursue indemnification against Plaintiffs where such an action will harm the public interest in ensuring strict compliance with Illinois wage and hour laws. Given the significant precedent showing that an Illinois court would reach the same conclusion if faced with this issue, this Court should find the indemnification provision void and dismiss the counterclaim with prejudice. See Liberty Mut. Fire Ins. Co. v. Statewide Inc. Co., 352 F.3d 1098, 1100 (7th Cir. 2003) (in deciding an issue of state law, a federal court will "apply the law of Illinois as we believe the Illinois Supreme Court would apply it").

Under Illinois law, a contract is void as contrary to public policy where it is either "manifestly injurious to the public welfare," or "clearly contrary to what the constitution, the statute, or the decisions of the courts have declared to be the public policy." Mohanty v. St. John Heart Clinic, S.C., 225 Ill. Dec. 2d 274, 281 (2006). Moreover, the Appellate Court of Illinois has stated that:

> *The purpose of the IMWL is to ensure adequate wage standards for the benefit of both public workers and the taxpayers, and a violation of the law is a breach of public policy. The State has a clear and definite interest in enforcing this policy.*

People ex rel. Martin v. Schwartz Oil Field Servs., Inc., 203 Ill. App. 3d 903, 907 (1990). This same policy concerns underlie the IWPCA. People ex rel. Martin v. Lipkowitz, 225 Ill. App. 3d 980, 984-85 (1992). The Lipkowitz court expounded on the public interest in enforcing the wage laws, explaining that an employer's refusal to comply "burdens the State financially and socially, such as by decreasing the tax base and potentially depleting State assistance funds." Id. at 985. More recently, Illinois courts addressing these policy concerns have held not only that proper enforcement of the wage laws is a matter of public interest, but that the courts must not enforce a contract that will jeopardize the protections guaranteed by the wage laws.

The Illinois Appellate Court has declined to enforce agreements between parties where the agreement sought to limit an individual's right to pursue an action under the IMWL and IWPCA. For example, in Mueller Co. v. Department of Labor, 187 Ill. App. 3d 519, 521 (1989), the court was faced with the question of whether an employer could rely upon an employee's contract to defend against an IWPCA claim for a violation of that law's vacation pay provisions. There, the employer sought to enforce a contract that called for the employee to forfeit his earned vacation time upon separation. Id. at 524. The Mueller court found that the purpose of the IWPCA was not only "to ensure employees receive all earned benefits upon leaving their employer," but also to guard against the "evil" of requiring an employee to forfeit any of those benefits. Id. In light of these goals, the Court refused to enforce a contract that sought to negate the Act's protections, and required repayment of the withheld vacation pay. Id.

Similarly, in Lewis v. Giordano's Enterprises, Inc., 397 Ill. App. 3d 581, 595 (2009), the court declared that where an employer obtained releases from putative members of a class of

IMWL plaintiffs, such releases were void as a matter of law.  The <u>Lewis</u> court reasoned that while Illinois courts recognize individuals' freedom to contract, that freedom must yield to the public policy concerns inherent in the protections provided by the wage laws.  <u>Id.</u> at 597.  Thus, it is well established that Illinois courts will not enforce a contract that seeks to alter the rights endowed by the IMWL and IWPCA.

**II.     The Indemnification Clause Defendant Seeks to Enforce is Contrary to the Public Policy Inherent in the Wage and Hour Laws.**

In order to ensure that the purposes of the wage laws are realized, employers must not be permitted to engage in any action that might dissuade an employee from reporting or otherwise pursuing redress for violations.  Towards that end, both laws contain anti-retaliation provisions. 820 Ill. Comp. Stat. 105/11(c); 820 Ill. Comp. Stat. 115/14(c).  In explaining the purpose of the FLSA's parallel anti-retaliation provision, the Supreme Court has explained that "effective enforcement could thus only be expected if employees felt free to approach officials with their grievances. . . .  For it needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions."  <u>Mitchell v. Robert DeMario Jewelry, Inc.</u>, 361 U.S. 288, 292 (1960).[2]  The individual workers who report suspected violations are essential to the proper functioning of these laws, and must not be intimidated or otherwise hindered in their efforts to do so.

Here, BeavEx forced in excess of one-hundred employees to sign the contract at issue, which purports to create an independent contractor relationship.  If the indemnification provision in that contract is deemed enforceable, Plaintiffs will be exposed to substantial liability for, at a minimum, Defendant's costs and attorneys' fees expended in connection with this case.  The

---

[2] In interpreting the IMWL, Illinois courts may look to interpretation and regulations promulgated under the FLSA. Ill. Admin. Code tit. 56, § 210.120.

deterrent effect of such significant liability, even if only potential liability, is apparent. This is

the very sort of "calculated risk" to which the Supreme Court refused to expose potential

plaintiffs in wage cases. Mitchell, 361 U.S. at 293.

    If BeavEx is permitted to pursue the course it has taken here, employers will be granted a

loophole through which they can avail themselves of the very intimidation and abuse of power

prohibited by the statutes' anti-retaliation provisions. Such a result would send a strong message

to any misclassified employee who had no bargaining power while being hired, and who was

forced to enter into an agreement that included a broad indemnification clause. Individuals'

resulting reluctance or refusal to bring wage claims will serve as a shield from employer liability.

This is precisely the sort of circumstance in which the freedom to contract must give way in

favor of the proper functioning of the IMWL and IWPCA. See Lewis, 397 Ill. App. 3d at 597;

Mueller, 187 Ill. App. 3d at 524.

    The Mueller and Lewis decisions also align with the wealth of cases deciding similar

issues under the federal Fair Labor Standards Act, which shares nearly identical policy concerns

with the state wage laws here at issue. Lewis, 379 Ill. App. 3d at 587-88 (noting the "similarity

in the language and the underlying purposes and public policy of the federal and state statutes")

(citing Ladegaard v. Hard Rock Concrete Cutters, Inc., No. 00 C 5755, 2001 WL 1403007, at *5

(N.D. Ill. Nov. 9, 2001)).

    Specifically, the Courts of Appeals for the Fifth, Fourth, and Tenth Circuits have all

dismissed indemnity actions against employees in wage cases. LeCompte v. Chrysler Credit

Corp., 780 F.2d 1260, 1264 (5th Cir. 1986); Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir.

1992); Martin v. Gingerbread House, Inc., 977 F.2d 1405, 1407-08 (10th Cir. 1992). Each court

recognized the inherent conflict between allowing an employer to pursue such an action on the

one hand, and the essential purposes of wage and hour laws such as the FLSA on the other. <u>See</u> <u>LeCompte</u>, 780 F.2d at 1264 (allowing indemnity actions "would undermine employers' incentive to abide by the Act, and would differentiate among employees entitled to receive overtime compensation in a way which does not otherwise exist in the statute); <u>Martin</u>, 977 F.2d at 1407-08 (finding that indemnity actions "work against the purposes of the FLSA," and that "[c]ompliance with the FLSA will not be furthered if employees must defend against indemnity actions"). The Northern District of Illinois has used this reasoning to dismiss indemnity actions against employees as contrary to the policy of both federal and Illinois wage laws. <u>Villareal v.</u> <u>El Chile, Inc.</u>, 601 F.Supp. 2d 1011, 1017-18 (N.D. Ill. 2009) ("as with the FLSA, the IMWL's statutory goals would be undermined by diminishing the employer's compliance incentives if an employer were permitted to seek indemnity"). In light of these clearly stated and well-supported policy considerations, Defendant BeavEx's counterclaim should be dismissed.

## CONCLUSION

WHEREFORE, for the reasons stated in this Memorandum of Law, Plaintiffs respectfully request that this Honorable Court dismiss Defendant BeavEx's counterclaims against them with prejudice, and award them all other relief that is deemed just and proper.

**Dated:** November 19, 2012

Respectfully submitted,

THOMAS COSTELLO and MEGAN BAASE
KEPHART
By their attorneys,

/s/ Marc J. Siegel
Marc J. Siegel,
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231
m.siegel@caffarelli.com


/s/ Harold L. Lichten
Harold L. Lichten,
*Pro Hac Vice Application Pending*
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
617-994-5800
hlichten@llrlaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the attached **Plaintiffs'
Memorandum of Law in Support of Their Motion to Dismiss Defendant Beavex Inc.'s
Counterclaims** was sent to the individuals listed below by electronically filing the same with the
Clerk of the U.S. District Court of the Northern District of Illinois on November 19, 2012.

| | | |
|---|---|---|
| Milton Castro | Kevin M. Duddlesten | Margaret T. Blackwood |
| Littler Mendelson, P.C. | Littler Mendelson, P.C. | Littler Mendelson, P.C. |
| 321 North Clark Street | One International Place | 3344 Peachtree Road, NE |
| Suite 1000 | Suite 2700 | Suite 1500 |
| Chicago, IL 60654 | Boston, MA 02110 | Atlanta, GA 30326 |

A courtesy copy was delivered to Judge Kendall within 24 hours of e-filing.

/s/ Marc J. Siegel
Marc J. Siegel
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601