**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Thomas Costello and Megan Baase Kephart, et al., individually and on behalf of all others similarly situated,** | No. 12-cv-7843 |
| Plaintiffs, | |
| v. | Judge Virginia M. Kendall |
| **BeavEx Inc.,** | Magistrate Judge Mary M. Rowland |
| Defendant. | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS**
**DEFENDANT BEAVEX INC.'S COUNTERCLAIM**

Defendant BeavEx Incorporated (incorrectly identified as "BeavEx Inc.") ("BeavEx") hereby responds to Plaintiffs' Motion to Dismiss Defendant BeavEx Inc.'s Counterclaim ("Plaintiffs' Motion").

## I.     INTRODUCTION

Plaintiffs' Motion lacks any merit whatsoever.   Contrary to Plaintiffs' assertions, the indemnification provision that BeavEx's counterclaim seeks to enforce does not contravene public policy.   The counterclaim simply seeks to assert a legal right that BeavEx has for indemnification of its costs and expenses in the event that BeavEx prevails in this litigation.   In short, it is a contractual claim that is clearly *not* prohibited under the law, and, therefore, dismissal of it would be inappropriate.   Moreover, Plaintiffs' Motion, although styled as a motion to dismiss, is actually a motion for summary judgment "in disguise," and summary judgment in Plaintiffs' as to the indemnification claim is clearly inappropriate.   Accordingly, the Court should deny Plaintiffs' Motion.

## II.   <u>ARGUMENT</u>

### A.   The Indemnification Provision Does Not Contravene Public Policy

"The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency" of the claim asserted, not to resolve the claim on its merits.  5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 354 (3d ed. 2004); *see also Haught v. Motorola Mobility, Inc.*, No. 12-cv-2515, 2012 WL 3643831, 2012 U.S. Dist. LEXIS 119575, at *22 (N.D. Ill. Aug. 23, 2012) (Kendall, J.) (at the motion to dismiss stage, duty of the court "is merely to test the sufficiency of the pleadings and construe all reasonable inferences in favor of the nonmoving party").  Accordingly, dismissal of a counterclaim is only appropriate when it appears "beyond any doubt that [a party can] prove no set of facts in support of [its counterclaim] which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). That standard simply is not met here.

The counterclaim seeks to have Plaintiffs indemnify BeavEx for expenses that the company incurs in its defense of this litigation, in the event that the contract is upheld and Plaintiffs are found to be properly classified as independent contractors.  Accordingly, if (and only if) the facts prove that Plaintiffs are independent contractors, then BeavEx will be entitled to recover on its counterclaim.  Without a doubt, then, BeavEx's counterclaim is legally and factually supported, and dismissal is inappropriate, despite whatever arguments Plaintiffs may make about why BeavEx asserted the counterclaim.  *See, e.g., Bill Johnson's Restaurants, Inc., v. NLRB*, 461 U.S. 731, 756 (1986) (recognizing courts must not prohibit the filing and prosecution of a well-founded claim, even if it had not been commenced but for the claimant's desire to retaliate against the defending party).

 Moreover, the cases cited by Plaintiffs in support of their argument that the indemnification provision contravenes public policy are utterly unpersuasive.  Indeed, there is a

*critical* distinction between those cases and this case: in each of those cases, the defendants sought to indemnify themselves for the very violations alleged against them. The counterclaims were essentially an insurance policy for the defendants—if the defendants were found liable to the plaintiffs on the underlying claims, then the plaintiffs would have been required to indemnify the defendants for the damages awarded. In short, the defendants in those cases improperly attempted to shift the liability for their alleged law violations to the plaintiffs, and the courts correctly noted that those types of indemnification claims run afoul of the FLSA and, indeed, the Supremacy Clause of the United States Constitution. *See LeCompte v. Chrysler*, 780 F.2d 1260 (5th Cir. 1986); *Lyle v. Food Lion, Inc.,* 954 F.2d 984 (4th Cir. 1992); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405 (10th Cir. 1992); *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011 (N.D. Ill. 2009).

However, BeavEx is not trying to shift any liability through its counterclaim. The indemnification provision that BeavEx seeks to enforce *only applies if BeavEx prevails.* If Plaintiffs prevail on the merits of their claims, then BeavEx, not the Plaintiffs, will be liable for the associated damages. It is only if is determined that the Plaintiffs have been correctly classified by BeavEx as independent contractors that the indemnification provision will "kick in" and require the Plaintiffs to reimburse BeavEx for the attorneys' fees and costs it has incurred in seeking to enforce the contractual agreement between the parties. Plaintiffs have cited no cases (nor is BeavEx aware of any cases) where a court has examined a similar provision and held that it contravenes the public policy underlying the IMWL or the IWPCA.

A case that *is* instructive here is *Spellman v. American Eagle Express, Inc.*, 680 F. Supp. 2d 188 (D.D.C. 2010). The factual scenarios and legal issues in that case and this case are virtually identical. Both cases were filed by individuals who had entered into contracts to

perform delivery or courier services for the defendants' customers, and both cases allege misclassification as independent contractors. In *Spellman*, the defendant answered the complaint and counterclaimed against seven of the eleven named plaintiffs, seeking to enforce the indemnification clause in the agreements that each of those plaintiffs had executed with the defendant. Those plaintiffs moved to dismiss the counterclaim, and the court denied the motion.

The crux of the plaintiffs' allegations in both cases is that the defendants failed to pay them for all hours that they worked. As the *Spellman* court noted, "in other words, plaintiffs allege that they are owed more than the liquidated fee amount" specified in their agreements with the defendants. *Id*. at 5. Accordingly, the *Spellman* court determined that the defendant's counterclaim to enforce the indemnification provision clearly arose out of the plaintiff's obligations under the agreement (i.e., the obligation to work for a liquidated fee amount), and the court held that the defendant had a "reasonable basis for alleging that the lawsuit [was] an 'action' against it 'arising out of or in connection with' Plaintiffs' 'obligations under the Agreement'" and denied the plaintiffs' motion to dismiss the counterclaim. *Id.* at 5.

The *Spellman* court's logic is sound and persuasive and should be followed here: it cannot be said that BeavEx's counterclaim is *per se* impermissible, and, therefore, dismissal is inappropriate, and the Court should deny Plaintiffs' Motion.

### B. Plaintiffs Motion to Dismiss Should be Treated as a Motion for Summary Judgment and Denied

Plaintiffs' Motion advances arguments that are inappropriate at the motion to dismiss stage. Much of Plaintiffs' argument that BeavEx's counterclaim contravenes public policy is premised upon Plaintiffs' contention that Plaintiffs and the putative class members they seek to represent were "forced" to sign their agreements with BeavEx and had no opportunity to negotiate the agreements. Plaintiffs contend that "BeavEx forced in excess of one-hundred

employees to sign the contract at issue" and that those individuals had "no authority to negotiate the terms of that contract." Plaintiffs' Motion, p. 2, 5. Accordingly, Plaintiffs argue that allowing BeavEx to pursue its counterclaim based upon an indemnification provision in a contractual agreement that Plaintiffs contend they were forced to sign would grant BeavEx a "loophole" through which it could "avail" itself of what Plaintiffs contend was BeavEx's "intimidation" and "abuse of power." *Id.* at p. 6. These statements echo claims contained in the Complaint. *See* Complaint, Dkt. #1.

Accordingly, Plaintiffs' Motion requires the Court to examine the factual underpinnings of the contractual negotiations between the parties, and for the Court to do this, it must convert Plaintiffs' Motion to a motion for summary judgment. Fed. R. Civ. P. 12(d). And, once the Court does so, it must deny Plaintiffs' Motion, because a genuine issue of material fact exists concerning the formation of the contracts in question.

Summary judgment is only appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Here, no discovery has taken place yet; all that the Court has before it are the pleadings—i.e., Plaintiffs' Complaint and Defendants' Answer and Amended Answer. And, in its pleadings, BeavEx denied (and continues to deny here) each and every one of Plaintiffs' allegations that they were "forced" to sign the contractual agreements and that they had no authority to negotiate those contracts. *See* Answer, Amended Answer, Dkt. #13, 15. Accordingly, at this point in time, based on the pleadings alone, a genuine issue of material fact exists as to the contractual formation, and, therefore, summary judgment in favor of

Plaintiffs is improper.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

### III.    CONCLUSION

Plaintiffs' Motion misses the mark completely.  Plaintiffs completely misunderstand and mischaracterize the counterclaim that BeavEx asserts.  Beavex's counterclaim is not an improper attempt to shift liability under Illinois' wage laws; rather, the counterclaim simply seeks to enforce an indemnification agreement if, and only if, BeavEx ultimately prevails in this litigation.  There is absolutely no precedent for finding that a counterclaim of that nature contravenes public policy, and, therefore dismissal is improper.  Moreover, Plaintiffs' Motion advances arguments that are more properly reserved for summary judgment briefing. Accordingly, Plaintiffs' Motion should be denied.


Dated: December 11, 2012                           Respectfully Submitted,

                                                    **BEAVEX INC.**, Defendant.

                                                    By: */s/Catherine S. Lindemann*
                                                        Catherine S. Lindemann

Catherine S. Lindemann, ARDC# 6297039
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
312.372.5520

Kevin M. Duddlesten, *admitted pro hac vice*
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
 617.378.6000

Margaret T. Blackwood, *admitted pro hac vice*
LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
404.233.0330

**CERTIFICATE OF SERVICE**

I, Catherine S. Lindemann, an attorney, certify that on December 11, 2012, I caused a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT BEAVEX INC.'S COUNTERCLAIM to be electronically filed with the Clerk of the Court using the CM/ECF system, which served a Notice of Electronic filing upon those registered to receive electronic service, including:

Marc J. Siegel
Bradley S. Manewith
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, Il 60601
M.Siegel@Caffarelli.Com
B.Manewith@Caffarelli.Com

Harold L. Lichten
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, Ma 02114
Hlichten@Llrlaw.Com

                          */s/Catherine S. Lindemann*
                          Catherine S. Lindemann

Firmwide:116378178.2 064271.1006