IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS COSTELLO, MEGAN BAASE KEPHART, et al., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) No. 12 C 7843 ) |
| v. | ) Judge Virginia M. Kendall ) |
| BEAVEX INC., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Thomas Costello and Megan Baase Kephart filed a putative class action complaint on October 1, 2012, subsequently amended, alleging that Defendant BeavEx Inc. misclassified them and approximately one-hundred other current and former delivery drivers as "independent contractors" in violation of the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.,* and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/9.[1] The Defendant answered the Complaint and asserted a counterclaim for contractual indemnification. Plaintiffs have moved to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is denied.

**BACKGROUND**

The following facts are taken from the Defendant's counterclaim and are assumed to be true for purposes of the Motion to Dismiss. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 520 (7th Cir. 2003); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995); *see also,*

---

[1] Plaintiffs also assert a common law unjust enrichment claim.

1

*e.g., Organ Recovery Sys. v. Preservation Solutions, Inc.,* No. 11 C 4041, 2012 WL 2577500, at *1 (N.D. Ill. July 4, 2012) (internal citations omitted) ("In considering each party's motion to dismiss, the Court takes as true the facts alleged by the party whose complaint or counterclaim is challenged."). Plaintiffs Thomas Costello and Megan Baase Kephart each separately entered into a contractual relationship with the Defendant. (Doc. 36, Defendant's Counterclaim, at ¶ 2.) Pursuant to the written contracts the parties executed, the Plaintiffs agreed to provide transportation services to BeavEx. (*Id.*) The transportation services consisted of the pick-up, transportation and delivery of property and items brokered and arranged by BeavEx for customers. (*Id.*) Costello and Kephart performed the transportation services in accordance with the terms of the Contract. (*Id.*) BeavEx entered into identical contracts with the other current and former delivery drivers who comprise the putative class. (*Id.* at ¶ 6.)

These contracts also contained indemnification provisions pursuant to which Costello and Kephart agreed to defend, indemnify and hold harmless BeavEx from any claims, losses and expenses that arise from the performance of the Plaintiffs' services and obligations under the contracts. (*Id.*) The contracts also required Costello and Kephart to maintain separate and distinct businesses from BeavEx and to provide services to BeavEx customers as independent contractors, not BeavEx employees. (*Id.* at ¶ 7.)

On October 1, 2012, Costello and Kephart, on behalf of themselves and all other similarly situated individuals filed a complaint against BeavEx, alleging violations of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. (*Id.* at ¶ 5.) Specifically, Plaintiffs allege that BeavEx misclassified them as "independent contractors" when,

2

in fact, they were BeavEx's employees. (Doc. 34, Plaintiffs' Complaint, at ¶ 1.)[2] Plaintiffs allege that as a result of the misclassification they were deprived of overtime wages and illegal deductions were taken from their wages. (*Id.* at ¶ 2.) On February 1, 2013, BeavEx answered the amended complaint and asserted a counterclaim for indemnity pursuant to the indemnification clauses in the contracts. (Doc. 36.) The counterclaim asserts that if the Plaintiffs are ultimately determined to be independent contractors, and not employees, they should be liable for all costs and expenses BeavEx incurred in defending the lawsuit. (*Id.* at ¶ 10.) The Plaintiffs have now moved to dismiss that counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6) the Court accepts as true all of the well-pled facts alleged in the complaint or counterclaim and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 619 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)); *accord Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted a counterclaim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this

---

[2] The Court may take judicial notice of the allegations contained in Plaintiffs' Complaint in considering the motion to dismiss Defendant's Counterclaim because a Court may take judicial notice of its own docket. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) (a court can judicially notice documents filed in a lawsuit).

standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. When the factual allegations are well-pled the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id.* at 679. A claim has facial plausibility when the factual content pled in the counterclaim allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678.

## DISCUSSION

Costello and Kephart move to dismiss the indemnity claim on the basis that the indemnification provision in the contracts they signed should be void as contrary to the public policy embodied in the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

The Illinois Supreme Court "has a long tradition of upholding the rights of parties to freely contract." *Mohanty v. St. John Heart Clinic, S.C.,* 225 Ill. 2d 52, 65 (2006) (citing *Vine Street Clinic v. Healthlink, Inc.,* 222 Ill. 2d 276 (2006)). A contract will only be declared void as contrary to the public policy of Illinois where it is either "manifestly injurious to the public welfare," or "clearly contrary to what the constitution, the statute, or the decisions of the courts have to be the public policy." *Id.*

In analyzing a claim under Illinois law, a federal district court should apply the law of Illinois in the manner the Illinois Supreme Court would apply it. *See Liberty Mut. Fire Ins. Co. v. Statewide Ins. Co.,* 352 F.3d 1098, 1100 (7th Cir. 2003). If there is no Illinois Supreme Court decision on point, a federal district court should give any Illinois appellate court decision on point great weight, "unless there are persuasive indications that the state's highest court would decide the case differently." *Id.* (internal citations and quotations omitted). However, if there is an "absence of Illinois decisions dealing with a particular labor law issue, federal decisions

dealing with a substantially similar law, while not controlling, may be helpful and relevant." *Bernardi v. Village of North Pekin,* 482 N.E.2d 101, 102 (Ill. App. Ct. 1985) (internal citations omitted); *see also, e.g., Villareal v. El Chile, Inc.,* 601 F. Supp. 2d 1011, 1017 (N.D. Ill. 2009) (applying federal courts' interpretation of the Fair Labor Standards Act to an issue arising under the Illinois Minimum Wage Law); *O'Brien v. Encotech Constr. Servs., Inc.,* 183 F. Supp. 2d 1047, 1050 (N.D. Ill. Jan. 23, 2002) (same).

There are no Illinois state court decisions analyzing whether a defendant may seek indemnity for liability arising under either the Illinois Minimum Wage Law or the Illinois Wage Payment and Collection Act. However, federal courts interpreting substantially similar issues arising under the FLSA have uniformly held that an employer may not seek indemnification from an employee for a claim for a violation of the FLSA. *See, e.g., LeCompte v. Chrysler Credit Corp.,* 780 F.2d 1260, 1264 (5th Cir. 1986); *Lyle v. Food Lion,* 954 F.2d 984, 987 (4th Cir. 1992); *Martin v. Gingerbread House, Inc.,* 977 F.2d 1405, 1408 (10th Cir. 1992); *Herman v. RSR Sec. Services, Ltd.,* 172 F.3d 132, 144 (2d Cir. 1999); *Villareal,* 601 F. Supp. 2d at 1015-16. Similarly, a court within this district concluded that the Illinois Supreme Court would hold that an employer may not seek indemnity from an employee for the employer's violation of the IMWL. *See, e.g., Villareal,* 601 F. Supp. 2d at 1017 ("As with the FLSA, the IMWL's statutory goals would be undermined by diminishing the employer's compliance incentives if an employer were permitted to seek indemnity or contribution from its employees for statutory violations.").

Plaintiffs contend that these decisions are dispositive in this case. If Plaintiffs were employees of the Defendant, Plaintiffs would be correct. However, in contrast to Plaintiffs' assertion, Defendant's counterclaim alleges that Plaintiffs were independent contractors, not Defendant's employees. Since this allegation must be taken as true, the Court cannot find that an

5

indemnity claim is barred by the case law described above because "independent contractors" are exempt from the scope of the IMWL and IWCPA. *See* 820 ILCS 105/3; 820 ILCS 115/2; *see also Marcus & Millichap Investment Services of Chicago, Inc. v. Sekulovski,* 639 F.3d 301 (7th Cir. 2011) ("The Illinois Wage Collection and Payment Act, 820 ILCS 115/1, et seq., exclusion is designed to distinguish between protected employees and independent contractors who are not protected.").

Indeed, district courts in other circuits analyzing similar issues under the FLSA have found that it would be premature to grant a Rule 12(b)(6) motion to dismiss an indemnity claim as preempted by the FLSA where the counterclaim asserts the plaintiffs were independent contractors and not the defendant's employees. *See, e.g., Spellman v. American Eagle Express, Inc.,* 680 F. Supp. 2d 188, 192 (D.D.C. 2010) (denying motion to dismiss indemnity claim because the defendant asserted that plaintiffs were independent contractors and not employees and stating "the Court cannot say at this juncture that the counterclaim is preempted by, or contrary to the policy of the FLSA"); *Dobbins v. Scriptfleet, Inc.,* No. 8:11 C 1923, 2012 WL 2282560, at *2 (M.D. Fla. June 18, 2012) ("[T]he case law barring indemnification claims relating to FLSA liability will not apply to Defendant's counterclaim if Plaintiff is unsuccessful in proving that she was Defendant's employee. Accordingly, at this stage of the proceedings, the Court concludes that Defendant's counterclaim for indemnity is valid."). Since, subject to certain statutory exceptions that are inapplicable here,[3] there is no general prohibition against a

---

[3] The Illinois Construction Contract Indemnification for Negligence Act, 740 ILCS 35/1 provides that "[w]ith respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

defendant seeking indemnity for its liability from an independent contractor pursuant to a contract in Illinois, the Court finds it is premature to dismiss the indemnity claim.

Plaintiffs contend that *Spellman* was decided incorrectly and cites to *Casias v. Distribution Management Corp.,* No. 11 C 874, 2012 WL 4511376 (D.N.M. Sept. 28, 2012). However, *Casias* dismissed an indemnification claim asserted by a defendant against an alleged "independent contractor" on the basis that a New Mexico Minimum Wage Act dispute was not covered by the scope of the indemnification clause at issue in the contract. The *Casias* court specifically declined to consider the question of whether the indemnification provision at issue should be deemed unconscionable as a violation of New Mexico public policy. *See Casias,* 2012 WL 4511376, at *11 ("The Court therefore need not – and does not – consider Plaintiffs' additional argument that the indemnification provisions, as applied to Plaintiffs' claims under the New Mexico Minimum Wage Act, are unconscionable and should be stricken as a violation of New Mexico public policy."). The Plaintiffs have not raised an argument here that their claims are outside of the scope of the indemnity provision at issue. Therefore, since BeavEx has alleged that Plaintiffs were "independent contractors" and not employees, the Court cannot conclude at this time that the indemnity provision in the contracts violates Illinois public policy.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to dismiss BeavEx's counterclaim is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 17, 2013