**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS COSTELLO, MEGAN BAASE KEPHART, and OSAMA DAOUD, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 12-cv-7843 |
| | **Judge Virginia M. Kendall** |
| v. | Magistrate Judge Mary M. Rowland |
| BEAVEX INC., | |
| Defendant. | |

**PLAINTIFFS' STATEMENT REGARDING THE EFFECT OF THE
SEVENTH CIRCUIT'S OPINION IN THIS CASE**

The Seventh Circuit's opinion vacating this Court's ruling on class certification and affirming its ruling on summary judgment on the named Plaintiffs' status as employees under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, leaves no doubt that this Court should now certify a class of Defendant BeavEx, Inc.'s delivery drivers without further briefing, and allow notice to be distributed to the class as soon as possible. The sole basis for this Court's previous denial of class certification was its erroneous conclusion that Plaintiffs could not meet Rule 23(b)(3)'s predominance requirement due to hypothetical individualized inquiries under Prong One of the IWPCA's three-prong employment test. The Seventh Circuit expressly rejected this reasoning, finding that "[t]here is no requirement that the district court blind itself to the conjunctive structure of the IWPCA's test for employment." Costello v. BeavEx, Inc., 810 F.3d 1045, 1060 (7th Cir. 2016). In doing so, the Seventh Circuit specifically found that Plaintiffs have satisfied Rule 23(b)(3)'s predominance requirement because Plaintiffs have shown they can win their case based upon common evidence under Prongs One and Two of

the IWPCA's employment test. Id. Furthermore, while not directly addressed by the Seventh Circuit, Plaintiffs can also meet Prong Three on common evidence.

The Seventh Circuit explicitly stated that class certification is proper in this case because "certifying the class . . . would substantially advance the litigation." Id. Thus, given the Seventh Circuit's clear directive, this Court should grant class certification now on all three prongs of the IWPCA's employment relationship test.

## I. THE COURT SHOULD NOW CERTIFY A CLASS OF BEAVEX DELIVERY DRIVERS.

Plaintiffs have sought to certify a class of all delivery drivers who contracted with BeavEx and provided delivery services on a full-time basis for BeavEx in Illinois from October 1, 2002 to the present and were treated as independent contractors. (ECF No. 80 - Pls.' Mem. in Support of Mot. for Class Cert. at 8; ECF No. 93 – Pls.' Reply in Support of Class Cert at 15.) The IWPCA contains a conjunctive three-prong test for employment.[1] Plaintiffs sought both here and in the Seventh Circuit for a class to be certified based upon common evidence under all three prongs of the IWPCA's three-prong test.

Briefly, in this Court's Order of March 31, 2014, it held that "[t]here is really no dispute that the second prong of the independent contractor test can be satisfied by common evidence." (ECF No. 95 - Order of Sum. J. and Class Cert at 20.) Indeed, "BeavEx has admitted that its sole business is the delivery and pick-up of packages and that the Plaintiffs and putative class

---

[1] Under the IWPCA, all individuals are considered to be employees of an employer, unless the employer can prove *all three* prongs of the independent-contractor exemption. To satisfy the exemption, the employer must show that the worker is an individual:

(1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract ... and in fact; and
(2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer ...; and
(3) who is in an independently established trade, occupation, profession or business.

820 ILCS 115/2.

2

members worked as delivery drivers." Id. This Court, however, denied class certification, holding that at the class certification stage it was required to look at all three prongs of the IWPCA test. Id. at 22. This Court concluded that class certification was improper because an examination under Prong One might require individual determinations. Id. It is clear, however, that all three prongs can be resolved through common evidence.

In its decision, the Seventh Circuit reiterated the long-standing principal that "[p]redominance is satisfied when 'common questions represent a significant aspect of [a] case and . . . can be resolved for all members of [a] class in a single adjudication.'" Costello, 810 F.3d at 1059 (quoting Messner v. Northshore Univ. Healthsystem, 669 F.3d 802, 815, (7th Cir.2012)). With this principal in mind, the Seventh Circuit expressly rejected this Court's rationale for denying class certification. The Seventh Circuit held that, due to the conjunctive nature of IWPCA's three-prong test, this Court can look at only one prong of the IWPCA's three-prong test when deciding whether class treatment is proper. "We have said that '[t]he court should evaluate the evidence pragmatically ... [to] decide whether classwide resolution would substantially advance the case.'" Costello, 810 F.3d at 1059 (7th Cir. 2016) (quoting Suchanek v. Sturm Foods, Inc., 764 F.3d 750, 761 (7th Cir.2014)). The court further held that "[t]his pragmatic review may warrant the court 'tak[ing] a peek at the merits.'" Id. (quoting Schleicher v. Wendt, 618 F.3d 679, 685 (7th Cir.2010)).

The Seventh Circuit expressly stated that this Court committed an error of law in refusing to "peek at the merits," and certify a class based upon the common evidence under Prong Two only. The court held:

> The district court committed a legal error when it concluded that "[f]ailure to acknowledge the individualized inquiry required by the first prong because the second prong can be decided through common facts would be the same as a ruling on the merits." Costello v. BeavEx, Inc., 303 F.R.D. 295, 308 (N.D.Ill.2014). The district court

3

thought that it could not find that common questions predominate because the first prong contemplates individualized factfinding. That is incorrect.

Costello, 810 F.3d at 1059-60.

Under Prong Two, BeavEx must show that its delivery drivers perform work "which is either outside [BeavEx's] usual course of business or is performed outside all of the places of business of [BeavEx]." 820 ILCS 115/2. The Seventh Circuit reached the same conclusion as this Court already has, holding that "[t]here is no doubt that common evidence will satisfy the second prong of the test—whether the individuals 'perform[ed] work which is ... outside the usual course of business ... of the employer.'" Costello, 810 F.3d at 1059 (quoting 820 ILCS 115/2). As such, the Seventh Circuit found that class certification should have been granted because "the common answer on prong two 'represents a significant aspect of [the] case and . . . can be resolved for all members of [the] class in a single adjudication." Costello, 810 F.3d at 1060 (quoting Messner, 669 F.3d at 815).

Furthermore, the Seventh Circuit held that this court "mistakenly found that prong one could not be decided by common evidence." Costello, 810 F.3d at 1060. Instead, the Seventh Circuit held that both parts of Prong One (control under contract and in fact) could indeed be resolved on common evidence in this case. Id. at 1061 (citing Carpetland U.S.A., Inc. v. Illinois Dep't of Employment Sec., 201 Ill. 2d 351, 373, 776 N.E.2d 166, 180 (2002); Cohen Furniture Co. v. Ill. Dep't Emp't Sec., 307 Ill.App.3d 978, 241 Ill.Dec. 204, 718 N.E.2d 1058, 1062–63 (1999) (evaluating control under same employment test of "carpet installers," not each individual carpet installer)). Indeed, other courts have routinely held that common evidence could be used to resolve questions of control where delivery drivers work pursuant to uniform operating agreements. See, e.g., Carlson v. FedEx Ground Package Sys., Inc., 787 F.3d 1313, 1317 (11th Cir. 2015); Craig v. FedEx Ground Package Sys., Inc., 335 P.3d 66, 83 (Kan. 2014); Alexander

4

v. FedEx Ground Package Sys., Inc., 765 F.3d 981, 997 (9th Cir. 2014) (denying motion to decertify class of FedEx Ground drivers because, in making its determination on control, held that "[o]ur decision does not rely on any individualized evidence"); Slayman v. FedEx Ground Package Sys., Inc., 765 F.3d 1033, 1042-47 (9th Cir. 2014) (same under Oregon law).  Thus, this Court should now certify a class under Prong One.

Furthermore, there can be no doubt that the Court should certify a class under Prong Three because the Court can resolve the question of whether the Plaintiffs operate independently established businesses on common evidence.  Pursuant to Illinois Department of Labor regulations, under Prong Three an employer must show that a worker has a proprietary interest in the business such that he can "sell or transfer the business," and that he can "operate the business without hindrance from another" in order to be exempt under the IWPCA.  Admin. Code tit. 56, § 300.460; see also AFM Messenger Serv., Inc. v. Dep't of Employment Sec., 198 Ill. 2d 380, 401 (2001 ) (finding defendant courier company failed to satisfy prong three because "the evidence did not demonstrate that the drivers were able to operate their 'delivery business' without the benefit of their relationship with" defendant courier company).  Here, the express terms of the Plaintiffs' uniform operator agreements prohibited the drivers from selling or transferring their rights[2].  Moreover, drivers operated under BeavEx's Illinois motor carrier numbers, and drivers were required to display BeavEx's logo, phone number, and Illinois Commerce Commission number on their vehicles.[3]  As such, the Court should also certify a class because Prong Three can likewise be resolved on common evidence.

---

[2] See ECF No. 80-3 - Costello Owner/Operator Agreement at 10; ECF No. 80-4 - Kephart Owner/Operator Agreement at 10; ECF No. 80-5 - Daoud Owner/Operator Agreement at 10.
[3] See ECF No. 80-13 - Dep. Tr. of Basil Abbott at 9-10, 14; ECF No. 80-14 - Daoud Illinois ICC Equipment Lease.

In short, given the Seventh Circuit's decision, and the common evidence Plaintiffs provided under all three prongs of the IWPCA's employment test, this Court should certify a class of BeavEx's drivers who were classified as independent contractors under IWPCA without further briefing. [4]

## II.     THE COURT SHOULD ORDER NOTICE TO THE CLASS.

Pursuant to Rule 23(c)(2)(B), once a class has been certified, the Court is "required to direct notice to members of the class of the right of each member to be excluded from the class upon his request." Fed. R. Civ. P. 23, Advisory Committee Notes to 1966 Amendment. Ordinarily, notice to class members should be given promptly after the certification order is issued. Manual for Complex Litigation (Fourth) § 21.311; 7AA Fed. Prac. & Proc. Civ. § 1788 (3d ed.); Tylka v. Gerber Products Co., 182 F.R.D. 573, 579 (N.D. Ill. 1998) ("Although Rule 23 does not specify any timetables, notice is generally issued promptly after certification.").

Indeed, notice is necessary to "inform absentees who otherwise might not be aware of the proceeding that their rights are in litigation so that they can take whatever steps they deem appropriate to make certain that their interests are protected," essentially giving absentees their proverbial day in court. 7AA Fed. Prac. & Proc. Civ. § 1786 (3d ed.). Because the final judgment in a class action is binding on all class members, failure to promptly notify class members gives rise to a due process violation. Brown v. Colegio de Abogados de Puerto Rico, 613 F.3d 44, 51 (1st Cir. 2010) ("the notice requirement for 23(b)(3) class actions is rooted in due process and clearly mandatory under Rule 23(c)(2)(B)"). Disseminating notice ensures that a judgment will have the broadest possible binding effect. 7AA Fed. Prac. & Proc. Civ. § 1786 (3d ed.). Accordingly, this Court should now authorize the issuance of the proposed notice,

---

[4] Moreover, the Seventh Circuit also held that "the rule against one-way intervention does not preclude class certification in this case." Costello, 810 F.3d at 1058.

attached as Exhibit A, to the class and order that BeavEx produce class member's names and

contact information (including addresses, phone numbers, and email addresses).

## III.  CONCLUSION.

For the above stated reasons, Plaintiffs respectfully request that this Honorable Court

grant class certification immediately, and authorize the issuance of notice to the class members

in the form of Exhibit A.[5]

Dated: March 24 2016

Marc Siegel, #6238100
Bradley Manewith, #06280535
Siegel & Dolan Ltd.
150 North Wacker Drive, Suite 1100
Chicago, IL  60606

Harold L. Lichten BBO# 549689
Benjamin J. Weber BBO# 673736
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Respectfully submitted,

THOMAS COSTELLO, MEGAN BAASE
KEPHART, and OSAMA DAOUD,
individually and on behalf of all others
similarly situated,

By: /s/ Bradley Manewith
    Attorney for Plaintiffs

---

[5] Additionally, Plaintiffs wish to advise the Court of that they intend to file motions for summary judgment on the issues of liability and damages for the class after the class has been given adequate notice and time to opt out of this case.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the attached statement was served upon all parties by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois and by electronic mail on March 24, 2016:

By: /s/ Bradley Manewith
Attorney for Plaintiffs