## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THOMAS COSTELLO AND MEGAN
BAASE KEPHART, ET AL.,
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

        Plaintiffs,

    v.

BEAVEX INC.,

        Defendant.

Case No. 12-cv-7843

Judge Virginia M. Kendall

Magistrate Judge Mary M. Rowland

## DEFENDANT'S POSITION PAPER REGARDING
## THE EFFECT OF THE SEVENTH CIRCUIT'S OPINION

Pursuant to the Court's March 10, 2016 docket entry (ECF No. 160), Defendant BeavEx

Inc. presents its position regarding the effect of the Seventh Circuit's opinion.

First, the Seventh Circuit's opinion is not a reversal of this Court's denial of Plaintiff's

motion for class certification. The Seventh Circuit specifically remanded "for further

proceedings consistent with" its opinion. *Costello v. BeavEx Inc.*, 810 F.3d 1045, 1061 (7th Cir.

2016). Accordingly, class certification should not automatically be granted, nor granted *sua*

*sponte*. Plaintiff must place the class certification before this Court, and this Court must review

the record and decide the class certification issue within the confines of the record and the

Seventh Circuit's opinion.

Second, as BeavEx explained during the March 10, 2016 status conference, BeavEx is

drafting a Petition for a Writ of Certiorari to the United States Supreme Court. BeavEx plans to

file its Cert Petition in mid-April, and understands that a Supreme Court ruling on the Cert

Petition is likely to occur by June 2016. Accordingly, BeavEx's position is that this case should be held in abeyance until the Supreme Court rules on the Cert Petition.

As BeavEx stated during the status hearing, BeavEx is willing to provide Plaintiff with a tolling agreement that will eliminate any prejudice to Plaintiff from holding the matter in abeyance for just a few more months. Accordingly, there is simply no need to consume the Court's resources in deciding the class certification question, and then the parties' resources, in a case which could be dispositively resolved by the Supreme Court decision.

Dated: March 24, 2016            Respectfully submitted,

           BEAVEX INC., Defendant

           By:    /s/ Kevin M. Duddlesten
              Kevin M. Duddlesten

Kevin M. Duddlesten, *admitted pro hac vice*
Texas Bar No. 00793644
MCGUIREWOODS LLP
816 Congress Ave., Suite 940
Austin, Texas 78701-2442
(512) 617-4516
(512) 617-4586 (Fax)
kduddlesten@mcguirewoods.com

### CERTIFICATE OF SERVICE

I certify that on this 24th day of March 2016, a true and correct copy of the foregoing instrument was forwarded, *via* e-file notification, to all counsel of record:

           /s/ Kevin M. Duddlesten